UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-CV-396 |
| | ) |
| DEUTSCHE BANK TRUST | ) |
| COMPANY AMERICA AS | ) |
| TRUSTEE FOR RALI | ) |
| 2003-QS4, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

There are currently two motions before the Court in this civil matter: (1) plaintiff's motion for partial summary judgment, [Doc. 24]; and (2) defendant's motion for summary judgment, [Doc. 27]. Regarding the plaintiff's motion, the defendant has filed a response in opposition, [Doc. 24], and the motion is now ripe for disposition. Regarding the defendant's motion, the plaintiff has filed a response in opposition, [Doc. 32], and the defendant has replied, [Doc. 34]. Accordingly, this motion is also ripe for disposition. For the reasons that follow, the plaintiff's motion, [Doc. 24], will be **DENIED** and the defendant's motion, [Doc. 27], will be **GRANTED**.

### I. BACKGROUND

The facts of this matter are almost entirely undisputed. This case involves the foreclosure and sale of real property located in Sevierville, Tennessee. Originally, the property was owned by Ralph Keith and Bernice Keith. On November 22, 2002, the Keiths executed a Deed of Trust in favor of National City Mortgage Company conveying a first priority security interest in the property to secure a promissory note in the original principal amount of $148,500.00. The Deed of Trust was recorded in the Office of the Register of Deeds for Sevier County, Tennessee on

December 30, 2002. The defendant Deutsche Bank acted as the Trustee for the RALI 2003-QS4 trust and the promissory note signed by the Keiths was placed in the RALI 2003-QS4 securitization trust. The Keiths defaulted under the terms of the Deed of Trust.

On December 6, 2012, the appointed Substitute Trustee under the Deed of Trust foreclosed upon the lien of the Deed of Trust. The defendant purchased the property at the foreclosure sale. A Substitute Trustee's Deed conveying the real property to the defendant was properly recorded on December 20, 2012. On April 25, 2014, the plaintiff purchased the real property from the defendant. The real property was conveyed to the plaintiff via a Special Warranty Deed, which was properly recorded on May 1, 2014. Before conveyance of the real property to the plaintiff, the defendant had filed a "Verified Complaint to Rescind Foreclosure Sale" in the Chancery Court for Sevier County, Tennessee. The lawsuit was filed against the Keiths and requested that the court declare the foreclosure sale of December 6, 2012 as void. The lawsuit further requested that the court declare the Substitute Trustee's Deed null and void.

Deutsche Bank filed an "Amended Complaint to rescind Foreclosure Sale" on May 28, 2014. The Amended Complaint did not include Hicks as a party to the lawsuit, although Hicks was at the time the record owner of the real property. On July 22, 2014, the Sevier County Chancery Court entered an Order of Default Judgment on the Amended Complaint. This Order rescinded the foreclosure sale of the real property. Deutsche Bank recorded the order in the Office of the Register of Deeds of Sevier County on August 19, 2014.

Hicks filed a notice of appearance on December 17, 2014, in the Chancery court lawsuit. Thereafter, Deutsche Bank filed a "Motion to Set Aside Judgment and for Dismissal of Case" on December 22, 2014. In the motion, the defendant included language that the order granting the default "is a cloud on Larry Hicks' title and is due to be vacated and/or set aside." Hicks was

ultimately granted permission to intervene in the lawsuit and filed his complaint against Deutsche Bank on June 10, 2015.

The Chancery Court set aside the order of default judgment entered on the amended complaint on August 18, 2014 via consent order. The consent order was recorded on August 18, 2015—almost exactly one year after the recording of the original order of default judgment. Within the consent order, which was signed by Deutsche Bank and Hicks, is a finding of fact stating that "Deutsche Bank later determined that there was no known legal need in fact to rescind this foreclosure sale on the Property." The consent order further stated that "Bank admits that the Order is a cloud on Larry Hicks' title to the Property and needs to be vacated and/or set aside." Additionally, the consent order stated that "issues regarding monetary damages and attorney's fees for the cloud on the title of Larry Hicks to the Property due to recordation of the Order [of Default Judgment] are to be reserved for further hearing."

In essence, the property involved in this matter was originally bought by the defendant through a foreclosure sale and then subsequently sold to the plaintiff. After the defendant purchased the property at the foreclosure sale, but before it sold the property to the plaintiff, the defendant filed a complaint in state court seeking to declare the original foreclosure sale void—a lawsuit in which the plaintiff who was the lawful owner of the property was not a named party. The state court entered an order of default judgment, setting aside the foreclosure sale; the plaintiff then intervened in the state court action and the parties agreed that setting aside the original foreclosure sale was not proper, and therefore agreed to a consent order which declared the order of default judgment void and left the issue for damages incurred by the plaintiff for the resulting cloud on his title for another time. However, the plaintiff dismissed the state court action before a hearing on damages occurred, and then subsequently sold the property in June of 2016. The

plaintiff now brings this suit for damages he claims he incurred as a result of the cloud on the title to the property while he was the owner of the title.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate only when the evidence, taken in the light most favorable to the nonmoving party, establishes that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Williams v. City of Cleveland*, 907 F.3d 924, 932 (6th Cir. 2018) (citing Fed. R. Civ. P. 56(c)). "When reviewing cross-motions for summary judgment, the court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994). Initially, the movant must meet its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "At that point, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Brooks v. American Broadcasting Cos., Inc.*, 932 F.2d 495, 500 (6th Cir. 1991) (internal quotations omitted). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact

4

necessitating the trial of that issue. *Id*. Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id*. A genuine issue for trial is not established by evidence that is merely colorable, or by factual disputes that are irrelevant or unnecessary. *Id*. at 248-52.

## III. DISCUSSION

Here, the plaintiff and the defendant have each moved this Court to enter judgment as a matter of law. As the defendant has moved for complete dismissal of this lawsuit, whereas the plaintiff has moved for partial summary judgment, the Court will consider the defendant's motion first as it may be dispositive of all issues.[1]

### A. Deutsche Bank's Motion for Summary Judgment

The defendant argues that summary judgment is appropriate in this matter because the plaintiff's sale of the property in 2016 precludes any claim the plaintiff may have for damages due to a cloud on title of the property. In essence, the defendant asserts that because the plaintiff no longer has an interest in the property due to his lack of ownership, the plaintiff's slander of title claim is no longer justiciable. The plaintiff responds to the defendant's argument asserting that, although the property is indeed no longer owned by the plaintiff, there is no dispute that the claim existed while he owned the property, and his later sale of the property does not render the current claim moot.

"Slander of title is an 'unusual cause of action' and there are few reported Tennessee cases dealing with it." *Harmon v. Shell*, Nos. 1409, 01-A-01-9211CH00451, 1994 WL 148663, at *4 (Tenn. Ct. App. Apr. 27, 1994) (citations omitted). "To establish a successful claim for slander of

---

[1] The Court recognizes that the two motions are substantially intertwined in that the defendant's response to the plaintiff's motion for partial summary judgment simply incorporates the position it takes as supporting its own motion for summary judgment.

5

title, a plaintiff must prove: (1) that it has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statements proximately cause the plaintiff a pecuniary loss." *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. Ap. 1999). The presence of the first element is the central issue for the defendant's motion. The question presented is whether a plaintiff who sells property retains a recognizable "interest in the property" to recover for damages incurred to the title of the property before the sale. The defendant argues that the plaintiff extinguished any possible "interest in the property" when he sold the property in 2016, while the plaintiff argues that his sale of the property had no effect on his claim for damages.

The defendant's argument relies on its reading of an unreported Tennessee Court of Appeals case, *Paczko v. Suntrust Mortgages, Inc.*, No. M2011-2528-COA-R3-CV, 2012 WL 4450896 (Tenn. Ct. App. Sept. 25, 2012). In *Paczko*, the Tennessee Court of Appeals considered whether the trial court properly dismissed the plaintiffs' claims including slander of title and to quiet title. *Id*. at *3. The plaintiffs originally purchased the property at issue in 2008 via a promissory note secured by a Deed of Trust in the interest of the defendants. *Id*. at *1. Three years later, the plaintiffs defaulted on the promissory note and the Deed of Trust, and the defendants instituted foreclosure proceedings on the property. *Id*. Thereafter, the plaintiffs filed suit in state court seeking to enjoin the defendants from foreclosing on the property. *Id*. The trial court dismissed the plaintiffs' suit, and the property was subsequently foreclosed upon and sold while the case was pending on appeal. *Id*. at *3. The appellate court held that because the property was foreclosed upon and sold, the plaintiffs no longer had an interest in the property, and therefore the claims for slander of title and to quiet title were no longer justiciable. *Id*. ("Plaintiffs' claims for slander of title and to quiet title were justiciable when this action was commenced; however,

these claims are no longer justiciable because Plaintiffs no longer have an interest in 'the property.'").

The defendant Deutsche Bank takes the position that the principles outlined in *Paczko* apply to the instant suit and plaintiff's slander of title claim fails because he sold the property in 2016 and thus no longer has an interest in the property. The plaintiff reads *Paczko* differently. In his response, the plaintiff distinguishes that case from the instant suit because the plaintiffs in *Paczko* admitted that they were in default of the promissory note and the Deed of Trust on the property and therefore the defendants properly foreclosed on the property, whereas here, the plaintiff was never in default of any obligation and the defendant did not have any interest in the property that was superior to the plaintiff's. The plaintiff additionally argues that, unlike the instant lawsuit, there was no finding in *Paczko* that the defendants took any action which caused a cloud to exist on the title of the property. The Court finds the plaintiff's arguments unpersuasive.

The language of the Tennessee Court of Appeals opinion is clear. In that case, because the plaintiffs no longer had any interest in the property, the slander of title claim was *not justiciable*. In this Court's view, it makes no difference that the property in *Paczko* was foreclosed upon due to the plaintiff's default whereas here the plaintiff sold the property on his own. Either scenario reaches to the same result; the plaintiff no longer has any "interest in the property." The Tennessee Court of Appeals has affirmed a similar principle before. *See Gunnoe v. Lambert*, No. E2003-01283-COA-R3-CV, 2004 WL 286745, at *9 (Tenn. Ct. Ap. Feb. 13, 2004) (finding that "Plaintiffs failed to prove they owned the property which made it impossible for Plaintiffs to prove the four elements of a slander of title claim."). Indeed, the plaintiff here cannot prove that he owns the property—it is undisputed that he does not own the property; this fact makes it impossible to prove the four elements of a slander of title claim. Additionally, the Tennessee Court of Appeals

recognized that the plaintiffs in *Paczko* brought a justiciable claim for slander of title when they filed their lawsuit; however, the court found that the claim became moot when the property was sold and foreclosed upon because the plaintiffs lost their interest in the property. Likewise, the plaintiff here potentially had a justiciable claim for slander of title when the default judgment was improperly entered; however, the claim became moot when he sold his interest in the property in June of 2016, as he now has no interest in the property.

The Restatement (Second) of Torts provides this Court with persuasive authority on the issue, and it broadly defines the interest required to maintain an action for slander of title as:

> Any kind of legally protected interest in land, chattels or intangible things may be disparaged if the interest is transferable and therefore salable or otherwise capable of profitable disposal. It may be real or personal, corporeal or incorporeal, in possession or reversion. It may be protected either by legal or equitable proceedings and may be vested or inchoate. It may be a mortgage, lease, easement, reversion or remainder, whether vested or contingent, in land or chattels, a trust or other equitable interest. It may be a patent right, a copyright, or the right to use a trademark or trade name. It may be intangible property, whether represented and embodied in a document, negotiable or otherwise, or consisting of a simple debt or other cause of action.

Restatement (Second) of Torts § 624 cmt. c (1977). Tellingly, the plaintiff does not advance any argument that his claimed "interest in the property" falls anywhere within this definition. There is no doubt that he currently has no tangible interest in the property to transfer or profitably dispose of. The only possible argument that *could have* been made by the plaintiff under this definition—one which this Court recognizes may be implicit in the argument actually advanced in his briefing—is that his protected interest now consists in the form of an intangible interest embodied in a document or a simple debt or other cause of action. However, the application of these interests to the present case necessarily places the cart before the horse. For if the interest held by the plaintiff is embodied in a document—which the plaintiff claims is the consent order—the plaintiff sold that interest (and all other interest he owned in the property) before the instant suit was

brought.  Likewise, for the interest held by the plaintiff in the property to be a simple debt (one which the defendant owes for slander of title) that interest was sold at the plaintiff's sale of the property and is no longer held by the plaintiff.  Finally, if the plaintiff claims the interest in the property is a "cause of action," that also was disposed of at the time of his sale of the property.  Plaintiff very well may have had a claim for slander of title to his property after the entry of the consent order; however, his sale of the property disposed of his claim.  *See Gunnoe*, 2004 WL 286745, at *9.  In essence, as the adage goes, the plaintiff may not have his cake and eat it too.

The undisputed facts of this case show that plaintiff does not have an interest in the property.  Without an interest in the property, it is impossible for the plaintiff to prevail on his slander of title claim, and even if he could have brought such a claim while he owned the property, the sale of his interest has rendered the claim moot.  Therefore, the defendant is entitled to judgment as a matter of law.  As such, this Court need not further consider the plaintiff's motion for partial summary judgment as to liability, and it is **DENIED**.

**IV.  Conclusion**

The defendant's motion for judgment in its favor as a matter of law, [Doc. 27], is **GRANTED**.  A separate order dismissing this case shall enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE